IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CHARLESTON
CHARLESTON DIVISION

| | | |
|---|---|---|
| KRISTINA ANN CAREFELLE, | ) | C.A. NO. 2:05-1225-PMD-RSC |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | ANSWER |
| | ) | |
| COLLEGE OF CHARLESTON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant, College of Charleston, reserving all rights under its previously filed Motion to Strike, answers the Complaint herein by alleging and stating as follows:

1. Defendant admits only so much of the allegations contained in Paragraph One of the Complaint as allege that it is an institution of higher learning, operating under the laws of the state of South Carolina.

2. Defendant admits, upon information and belief, the allegations contained in Paragraph Two of the Complaint.

3. The allegations contained in Paragraph Three of the Complaint constitute conclusions of law requiring no answer.

4. Defendant does not have sufficient information upon which to admit or deny the allegations contained in Paragraph Four of the Complaint.

5. Defendant does not have sufficient information upon which to admit or deny the allegations contained in Paragraph Five of the Complaint.

6. Defendant does not have sufficient information upon which to admit or deny the allegations contained in Paragraph Six of the Complaint.

7. Defendant admits, upon information and belief, the allegations contained in Paragraph Seven of the Complaint.

8. Defendant admits, upon information and belief, the allegations contained in Paragraph Eight of the Complaint.

9. Defendant admits only so much of the allegations contained in Paragraph Nine of the Complaint as allege that, on or around August 1, 2002 Plaintiff's status was changed to that of a full-time employee.

10. Defendant admits the allegations contained in Paragraph Ten of the Complaint.

11. The allegations contained in Paragraph Eleven of the Complaint are denied.

12. Defendant admits only so much of the allegations contained in Paragraph Twelve of the Complaint as allege that its employee, Melinda Miley, conversed with Plaintiff about Plaintiff's desire to enroll in a Master's program. Defendant further admits that Ms. Miley authored a letter of recommendation on Plaintiff's behalf.

13. Defendant admits, upon information and belief, the allegations contained in Paragraph Thirteen of the Complaint.

14. Defendant admits only so much of the allegations contained in Paragraph Fourteen of the Complaint as allege that the tragic incident referred to in Paragraph Fourteen was a general topic of conversation among employees in the workplace.

15. The allegations contained in Paragraph Fifteen of the Complaint are admitted.

16. The allegations contained in Paragraph Sixteen of the Complaint are denied.

17. Defendant admits only so much of the allegations contained in Paragraph Seventeen of the Complaint as allege that Ms. Miley prepared a warning notice as a means of alerting Plaintiff to the existence of certain performance issues.

18. The allegations contained in Paragraph Eighteen of the Complaint are denied.

19. Defendant responds to the allegations contained in Paragraph Nineteen of the Complaint by stating that the contents of Plaintiff's personnel file speak for themselves.

20. Defendant responds to the allegations contained in Paragraph Twenty of the Complaint by stating that the contents of any written improvement plan issued by Defendant to Plaintiff speak for themselves.

21. Defendant does not have sufficient information upon which to admit or deny the allegations contained in Paragraph Twenty One of the Complaint.

22. The allegations contained in Paragraph Twenty Two of the Complaint are admitted.

23. The allegations contained in Paragraph Twenty Three of the Complaint are admitted.

24. The allegations contained in Paragraph Twenty Four of the Complaint are denied.

25. The allegations contained in Paragraph Twenty Five of the Complaint are denied.

26. Defendant does not have sufficient information upon which to admit or deny the allegations contained in Paragraph Twenty Six of the Complaint.

27. Defendant admits only so much of the allegations contained in Paragraph Twenty Seven of the Complaint as allege that, upon receiving notification from Plaintiff that she had been admitted to a hospital, Defendant's employee requested that Plaintiff present a medical statement attesting to the status of Plaintiff's health condition.

28. The allegations contained in Paragraph Twenty Eight of the Complaint are admitted.

29. Defendant admits only so much of the allegations contained in Paragraph Twenty Nine of the Complaint as allege that, upon Plaintiff's return to the workplace, a meeting was convened attended by Plaintiff, Tom Casey, Defendant's Director of Human Resources and Melinda Miley.

30. Defendant admits only so much of the allegations contained in Paragraph Thirty of the Complaint as allege that an inquiry was made as to whether any restrictions had been placed upon Plaintiff.

31. Defendant responds to the allegations contained in Paragraph Thirty One of the Complaint by stating that the contents of any written notice presented to Plaintiff speak for themselves.

32. Defendant does not have sufficient information upon which to admit or deny the allegations contained in Paragraph Thirty Two of the Complaint.

33. The allegations contained in Paragraph Thirty Three of the Complaint are denied.

34. The allegations contained in Paragraph Thirty Four of the Complaint are denied.

35. The allegations contained in Paragraph Thirty Five of the Complaint are denied.

36. The allegations contained in Paragraph Thirty Six of the Complaint are denied.

37. The allegations contained in Paragraph Thirty Seven of the Complaint are denied.

38. The allegations contained in Paragraph Thirty Eight of the Complaint constitute conclusions of law requiring no answer, however, said allegations are denied.

39. Defendant admits only so much of the allegations contained in Paragraph Thirty Nine of the Complaint as allege that conversations were held with Plaintiff and her father.

40. The allegations contained in Paragraph Forty of the Complaint constitute conclusions of law requiring no answer, however, said allegations are denied.

41. The allegations contained in Paragraph Forty One of the Complaint constitute conclusions of law requiring no answer, however, said allegations are denied.

42. The allegations contained in Paragraph Forty Two of the Complaint, including all sub-parts, are denied.

43. The allegations contained in Paragraph Forty Three of the Complaint are denied.

### AS TO THE FIRST CAUSE OF ACTION

44. Defendant responds to the allegations contained in Paragraph Forty Four of the Complaint by reaffirming and realleging the foregoing paragraphs of its Answer as if fully repeated herein verbatim.

45. The allegations contained in Paragraph Forty Five of the Complaint constitute conclusions of law requiring no answer.

46. Defendant does not have sufficient information upon which to admit or deny the allegations contained in Paragraph Forty Six of the Complaint.

47. The allegations contained in Paragraph Forty Seven of the Complaint are denied.

48. Defendant does not have sufficient information upon which to admit or deny the allegations contained in Paragraph Forty Eight of the Complaint, nevertheless, said allegations are denied.

49. Defendant does not have sufficient information upon which to admit or deny the allegations contained in Paragraph Forty Nine of the Complaint, nevertheless, said allegations are denied.

50. The allegations contained in Paragraph Fifty of the Complaint are denied.

51. The allegations contained in Paragraph Fifty One of the Complaint, including all sub-parts, are denied.

52. The allegations contained in Paragraph Fifty Two of the Complaint are denied.

53. The allegations contained in Paragraph Fifty Three of the Complaint constitute conclusions of law requiring no answer, however, said allegations are denied.

54. The allegations contained in Paragraph Fifty Four of the Complaint, including all sub-parts, are denied.

55. The allegations contained in Paragraph Fifty Five of the Complaint are denied.

FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

56. The Complaint fails to state a claim upon which relief can be granted as to Defendant.

FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

57. To the extent that the Complaint attempts to state a claim under the Americans with Disabilities Act for alleged unlawful acts occurring more than 300 days prior to the filing of a charge with the Equal Employment Opportunity Commission, such a claim is time-barred.

FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

58. To the extent that Plaintiff's claims were not included within an administrative charge of discrimination filed with the Equal Employment Opportunity Commission and were neither investigated nor conciliated by the Equal Employment Opportunity Commission, Plaintiff has failed to satisfy conditions precedent to filing an action under the Americans with Disabilities Act.

FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

59. All personnel actions taken with respect to Plaintiff were at all times in compliance and in comportment with applicable provisions of the Americans with Disabilities Act.

FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

60. To the extent that the claims set forth in the Complaint do not fall within applicable statutes of limitations or statutory deadlines, said claims are barred.

FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

61. Upon information and belief, some of all of the claims set forth in the Complaint are subject to Plaintiff's duty to mitigate her alleged damages.

FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

62. To the extent that Plaintiff makes a claim for punitive damages against Defendant, said claim is barred by the statutory and common law of the United States and of the State of South Carolina.

FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

63. Defendant hereby gives notice that they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery and, thus, reserve the right to amend their Answer to assert such defenses.

FURTHER ANSWERING THE COMPLAINT AND AS A FURTHER DEFENSE THERETO:

64. Defendant hereby requests that Plaintiff's claim be tried by jury.

WHEREFORE, having fully answered the Complaint herein, Defendant respectfully prays for an Order of this Court dismissing the Complaint with prejudice, granting judgment to

the Defendant, requiring Plaintiff to pay all costs of this action, including attorney's fees, and granting such other and further relief as this Court may deem just and proper.

                                              YOUNG CLEMENT RIVERS, LLP

                                              By: *Wilbur Johnson* (signature)
                                              Wilbur E. Johnson, Federal I.D. No. 2212
                                              P.O. Box 993, Charleston, SC 29402-0993
                                              28 Broad Street, Charleston, SC 29401
                                              (843) 724-6659 – Telephone
                                              (843) 579-1332 - Fax
                                              E-mail: wjohnson@ycrlaw.com
                                              Attorneys for the Defendant

Charleston, South Carolina

Dated: **May 2 2005**